# 2004 DTA 117

RECEIVED
NOV 1 5 2004
SERIALS DEPARTMENT
HARVARD LAW SCHOOL LIBRARY

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL I DE SAN JUAN
## PANEL III

FRANCES N. HERNÁNDEZ JORDAN
Demandante-Recurrida

v.

PABLO A. GAVILLAN TAPIA, PABLO GAVILLAN RODRÍGUEZ Y MIRIAM TAPIA TAPIA
Demandados-Peticionarios

v.

WRIGHT FRANCISCO HERNANDEZ RAMIREZ Y MARIA ISABEL JORDAN RIVERA
Terceros Demandados-Recurridos

Núm. KLCE-02-01206

San Juan, Puerto Rico, a 21 de junio de 2004

Panel integrado por su Presidente, el Juez Antonio J. Negroni Cintrón,
y los Jueces Gilberto Gierbolini y Carlos J. López Feliciano

Negroni Cintrón, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCIÓN

Pablo A. Gavillán Tapia, Pablo Gavillán Rodríguez y Miriam Tapia Tapia (los peticionarios) nos solicitan la revocación de cinco órdenes emitidas por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI), mediante las cuales dispuso que le pagaran a Frances Hernández Jordán una pensión alimentaria provisional ascendente a $394.00 mensuales para beneficio del hijo de ésta y nieto de los Gavillán Rodríguez y Tapia Tapia (los abuelos paternos), Francisco E. Gavillán Hernández (el menor); que la Administración de Retiro de Puerto Rico y el Seguro Social Federal retuvieran de los beneficios que recibe Gavillán Rodríguez una determinada suma de dinero para pagar la referida pensión alimentaria y denegó una moción presentada por los abuelos paternos para que el TPI dejara sin efecto la orden de retención emitida.

Por los fundamentos que más adelante exponemos, denegamos el auto solicitado.

Examinemos los hechos esenciales y el trámite procesal que dieron margen a la presentación de este recurso, según se desprende de los documentos que obran en nuestro expediente.

### I

El 15 de septiembre de 2000, la co-recurrida, Frances Hernández Jordán, presentó una demanda sobre pensión alimentaria mediante la cual solicitó que se le fijara a Pablo A. Gavillán Tapia, padre del menor e hijo de los abuelos paternos, una pensión alimentaria no menor de $250.00 para beneficio del menor.

Los peticionarios contestaron la demanda y alegaron, en síntesis, que el padre del menor estaba en la mejor disposición de suplir los alimentos que el menor necesitara; que los abuelos paternos del menor no tenían responsabilidad alguna para con el referido menor, y que de ser ellos responsables, también lo serían en igual proporción los abuelos maternos del menor. Le solicitaron al TPI que en cuanto a ellos, declarara sin lugar la demanda y que procediera a fijarle al padre del menor una pensión alimentaria de acuerdo con los ingresos de éste.

Los peticionarios presentaron, además, una demanda contra terceros en contra de los co-recurridos, Wright Francisco Hernández Ramírez y María Isabel Jordán Rivera, abuelos maternos del menor (abuelos maternos). Alegaron que vivían exclusivamente de la pensión que recibían del Seguro Social; que carecían de recursos para asumir obligaciones adicionales a las que ya tenían y que en la medida de sus posibilidades ya alimentaban a otros cuatro nietos. Expresaron que, a diferencia de ellos, los abuelos maternos tenían capacidad económica

suficiente para alimentar al nieto para cuyo beneficio se reclamó la pensión alimentaria y que, por esta razón, a ellos debería corresponderle alimentar al referido menor. Solicitaron del TPI que declarara con lugar la demanda contra terceros presentada.

Los abuelos maternos contestaron la demanda contra tercero negando las alegaciones esenciales de la misma. Alegaron que habida cuenta que su hija y madre del menor estaba cumpliendo con la obligación de prestarle alimentos al niño, no era justo que ellos, los abuelos maternos, tuvieran que satisfacer la parte de los alimentos que el padre del menor no podía satisfacer por el hecho de estar éste encarcelado; que tampoco era justo que ellos lo tuvieran que hacer previo a que los abuelos paternos tuvieran qué expresarse en cuanto a su situación económica y sin que éstos tuvieran que informar la cantidad que podrían satisfacer por la parte que le correspondía a su hijo. Solicitaron que se declarara sin lugar la demanda contra tercero y que, en la eventualidad de que se resolviera que ellos tenían la obligación de pagar alguna cantidad en beneficio de su nieto, que ello fuera luego de que se estableciera, sin lugar a dudas, la condición económica de los abuelos paternos.

El 24 de octubre de 2001 compareció el Departamento de Justicia de Puerto Rico (Departamento de Justicia) alegando que había recibido una notificación de una minuta, en la que el TPI le solicitó a la Secretaria de Justicia que se expresara con relación a la constitucionalidad de los Artículos 142 y siguientes del Código Civil de Puerto Rico, 31 L.P.R.A. secciones 562 y siguientes. El Departamento de Justicia solicitó la desestimación de la petición al amparo de la Regla 10.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, pues, según sostuvo, la demanda no justificaba la concesión de un remedio. ■

El 20 de noviembre de 2001, el TPI emitió la orden que se transcribe a continuación:

*"Se declara no ha lugar la solicitud de desestimación de la petición. Se refiere al Hon. Oficial Examinador para vista de alimentos. Se ordena a todas las partes a someter planilla de información personal y económica en el término de quince (15) días."*

Así las cosas, el 12 de junio de 2002, el TPI emitió la primera de las resoluciones cuya revocación solicitan los peticionarios. Esta resolución le fue notificada a las partes el 18 de junio de 2002, y en ella, el TPI señala que luego de atender el informe rendido por el Examinador de Pensiones Alimentarias, Licenciado Carlos R. Ramos Ortiz, ■ hacía suyas las determinaciones de hechos y conclusiones de derecho incluidas en el referido informe y, en consecuencia, le imponía a los abuelos paternos la obligación de pagarle directamente a la madre del menor y co-recurrida, Frances Hernández Jordán, una pensión alimentaria provisional de $394.00 mensuales para beneficio del menor nieto de ellos.

El 27 de septiembre de 2002, el TPI emitió tres órdenes de retención de ingreso que le fueron notificadas a las partes el 7 de octubre de 2002. En específico, el referido foro le ordenó a la Administración del Seguro Social que retuviera de los beneficios del abuelo paterno del menor la suma de $132.26 mensuales para el pago de los atrasos en la pensión alimentaria hasta que se satisficiera la cantidad de $3,174.16. A su vez, le ordenó a la Administración del Sistema de Retiro que retuviera de los beneficios que recibe el abuelo paterno, la suma de $253.94 mensuales para el pago de la pensión alimentaria corriente. Por último, le ordenó a la Administración del Sistema de Retiro que retuviera de los beneficios que recibe la abuela paterna, la suma de $140.06 mensuales para el pago de la pensión corriente. Tanto en uno como en otro caso, el TPI dispuso que las mencionadas agencias debían retener los ingresos señalados hasta que se ordenara lo contrario.

Posteriormente, el TPI emitió la orden que se transcribe a continuación:

*"Moción solicitando se deje sin efecto orden – se declara no ha lugar la solicitud de dejar sin efecto órdenes de retención"* ■

Inconformes, los peticionaros acudieron ante este Tribunal el 6 de noviembre de 2002 y formularon los siguientes señalamientos de error:

*"Erró el Honorable Tribunal de Primera Instancia, Sala Superior de San Juan, por voz de su Honorable Jueza, Aurea Torres Hernández, al dictar una orden de retención para retener la pensión de retiro e incapacidad de los demandados-recurrentes, en la Oficina del Seguro Social Federal y Fondo de Retiro de los empleados del ELA, a pesar de que la pensión fijada era una provisional, ya que no se había fijado la responsabilidad alimentaria de los abuelos maternos, terceros demandados en esta acción, y no se había fijado la pensión final para el menor a ser alimentado ni la responsabilidad de todas las partes en el mismo.*

*Erró el Honorable Tribunal de Primera Instancia, Sala Superior de San Juan, por voz de su Honorable Jueza, Áurea Torres Hernández, al dictar una orden de retención de fondos, para satisfacer una pensión alimentaria de carácter provisional, cuya determinación no era una final y firme, en virtud de la Regla 43.5 de las de Procedimiento Civil de 1979, que regula los procedimientos de dictar órdenes, resoluciones y sentencias, en procesos judiciales de reclamaciones múltiples.*

*Erró el Honorable Tribunal de Primera Instancia, Sala Superior de San Juan, por voz de su Honorable Jueza, Áurea Torres Hernández, al no declarar inconstitucional las disposiciones del Código Civil de Puerto Rico que obligan a unos abuelos a proveer pensión alimentaria a sus nietos paternos o maternos.*

*Erró el Honorable Tribunal de Primera Instancia, Sala Superior de San Juan, por voz de su Honorable Jueza, Áurea Torres Hernández, al aplicar la Ley de Sustento de Menores a la obligación alimentaria de los abuelos demandados en el presente caso y, en especial, la tabla de cómputos establecida en dicho estatuto para el cómputo de la obligación alimentaria de los abuelos de un menor."*

Los recurridos han comparecidos, por lo que con el beneficio de los alegatos de ambas partes, estamos en condiciones de resolver.

Consideremos los señalamientos de error en un orden distinto al utilizado por los peticionarios.

**II**

La Regla 53.1 (e)(1) de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, establece lo siguiente:

*"(1) El recurso de certiorari para revisar cualquier resolución u orden del Tribunal de Primera Instancia se formalizará presentando una solicitud dentro de los treinta (30) días siguientes a la fecha de la notificación de la resolución u orden recurrida. El término aquí dispuesto es de cumplimiento estricto, prorrogable sólo cuando mediaren circunstancias especiales debidamente sustentadas en la solicitud de certiorari."*

En el caso de autos, los peticionarios impugnan, mediante su cuarto señalamiento de error, la orden del 12 de junio de 2002, y en específico, la cuantía que mediante ella se les ordenó pagar por concepto de pensión alimentaria **provisional**. Alegan, en primer lugar, que la referida pensión debió establecerse al amparo de la disposición del Código Civil de Puerto Rico relacionada con los alimentos entre parientes y no al amparo de la Ley de Sustento de Menores, y, en segundo lugar, que no procedía utilizar la tabla de cómputos que contiene la Ley de Sustentos de Menores para determinar la cuantía que debían pagar.

Ahora bien, habida cuenta que a los peticionarios se le notificó la resolución de la cual recurren el 18 de junio de 2002, éstos tenían hasta el 18 de julio de 2002 para solicitarle a este Tribunal la revisión de la referida resolución. No obstante, presentaron el recurso que nos ocupa el 6 de noviembre de 2002, casi 4 meses después. Ello así y dado que los peticionarios no esgrimieron justificación alguna para tal dilación, concluimos que en lo que respecta a este planteamiento de error, la presentación del recurso del epígrafe se hizo fuera del término

370

establecido en ley y que, por ello, carecemos de jurisdicción para considerar los méritos de los planteamientos dirigidos a impugnar la pensión fijada.

### III

Atendemos ahora la impugnación de las órdenes de retención. En *Zahira Martínez v. Nelson Rodríguez,* **2003 J.T.S. 134,** el Tribunal Supremo de Puerto Rico estableció lo que a continuación se cita in extenso:

*"En innumerables ocasiones hemos señalado que los casos de alimentos, en específico los relativos a menores de edad, están revestidos del más alto interés público.*

*Dicho interés es uno de categoría suprema que se fundamenta, entre otros, en los principios de solidaridad humana y en los derechos fundamentales del ser humano. Raúl Serrano Geyls, Derecho de Familia de Puerto Rico y Legislación Comparada, San Juan, Ed. Programa de Educación Jurídica Continua, Universidad Interamericana, 2002, Vol. II, pág. 1413. A esos efectos, hemos señalado que, respecto a los menores de edad, el derecho de éstos a recibir alimentos es parte esencial del principio natural de conservación que constituye piedra angular del derecho constitucional a la vida. Chévere v. Levis, res. el 15 de marzo de 2000, 2000 J.T.S. 175.*

*Esta obligación surge de la relación paterno-filial que se origina en el momento en que la paternidad o maternidad quedan establecidos legalmente.*

*Es un deber que ´existe por un derecho natural a percibir alimentos que simplemente ha sido formalizado por el legislador convirtiéndola en derecho positivo y vigente y, por otro lado, creando en el ánimo del obligado el deber de proporcionarlos independientemente de su voluntad de cumplir". Pedro F. Silva-Ruiz, Alimentos para menores de edad en Puerto Rico: las guías mandatorias basadas en criterios numéricos para la determinación y modificación de pensiones alimenticias, 52 Rev. Col. Abog., abril-junio 1991, en la pág. 112.*

*Podemos afirmar que la obligación de alimentar no sólo es un deber moral, sino, que, además, se trata de un deber jurídico que, en nuestra jurisdicción, ha sido consagrado en varios de los artículos de nuestro Código Civil.* ■

*"Tratándose de un derecho de tan alto interés público, el Estado, como parte de su política pública, ha legislado ampliamente para velar por su cumplimiento. En tal virtud fue que se aprobó la Ley Núm. 5 de 30 de diciembre de 1986, 8 L.P.R.A. sec. 501 et seq., conocida como la Ley Orgánica de la Administración para el Sustento de Menores."* (Énfasis nuestro)

Esta pieza legislativa tuvo el efecto de reformular la política pública del Estado ■ al crear un procedimiento judicial expedito ■ **que permita procurar de los padres, o personas legalmente responsables, que contribuyan a la manutención y bienestar de sus hijos o dependientes mediante la agilización de los procedimientos administrativos y judiciales para la determinación, recaudación y distribución de pensiones alimentarias.** *Audrey McConnell v. José Javier Palau,* **2004 J.T.S. 73.** (Énfasis nuestro). ■

Ahora bien, en determinados casos, el tribunal puede fijar en beneficio del menor alimentista una pensión alimentaria provisional en lo que concluye el proceso judicial expedito establecido en la Ley Núm. 5, *supra.* A esos fines, los artículos 15, 16, 17 y 18 de la Ley Núm. 5, *supra,* 8 L.P.R.A. secs. 514, 515, 516 y 517, respectivamente, facultan al tribunal a fijar una pensión alimentaria provisional en beneficio del menor alimentista. ■

Por otro lado, y en cuanto al efecto de un decreto alimentario, el párrafo séptimo del Artículo 19 de la Ley

Núm. 5, *supra*, 8 L.P.R.A. sec. 518, señala, en lo pertinente, lo siguiente:

*"Todo pago o plazo vencido bajo una orden de pensión alimentaria emitida a través del procedimiento administrativo expedito o a través del procedimiento judicial establecido en esta ley, **constituye desde la fecha de su vencimiento, una sentencia para todos los efectos de ley y, por consiguiente, tendrá la fuerza, efectos y atributos de una sentencia judicial, incluyendo la capacidad de ser puesta en vigor**, acreedora a que se le otorgue entera fe y crédito en Puerto Rico y en cualquier estado y no estará sujeta a reducción retroactiva en Puerto Rico ni en ningún estado, excepto que en circunstancias extraordinarias, el tribunal o el Administrador podrá hacer efectiva la reducción a la fecha de la notificación de la petición de reducción al alimentista o acreedor o de la notificación de la intención de modificar, según sea el caso."* (Énfasis nuestro).

Por último, el Artículo 24 de la Ley Núm. 5, *supra*, 8 L.P.R.A. sec. 523, establece la retención de ingresos como una medida para asegurar la efectividad del pago de pensiones alimentarias. Así, el inciso (1)(a) del referido artículo provee en lo pertinente, que:

*"El tribunal o el administrador, conforme a las disposiciones de este capítulo, al momento de fijar o modificar una pensión alimentaria, emitirá inmediatamente una orden fijando o modificando la pensión alimentaria y requiriendo al patrono del alimentante o a cualquier persona que sea pagador con relación al alimentante, conforme se define en la sec. 501 ▉ de este título, que retenga o descuente en el origen, de los ingresos del alimentante, independientemente de si existen o no atrasos en el pago de la pensión alimentaria, las cantidades señaladas en la orden para satisfacer el pago de la pensión, y de cualquier deuda por razón de pensiones vencidas y no pagadas."*

Sin embargo y en su inciso (2), el Artículo 24 de la Ley Núm. 5, *supra*, 8 L.P.R.A. sec. 523(2), establece que:

*"Cuando por cualquier motivo el tribunal o el administrador, según sea el caso, no hubiera emitido una orden de retención inmediata de ingresos al momento de fijación o modificación de la pensión alimentaria y el alimentante incurre en atraso en el pago de la pensión equivalente a un mes, el secretario del tribunal o el administrador por sí, sin necesidad de recurrir a intervención judicial o administrativa adicional o a solicitud de parte interesada, dentro de los quince (15) días calendario siguientes al atraso equivalente a un mes de pensión alimentaria, expedirá y notificará la orden inmediata de retención de ingresos al patrono o pagador del alimentante, y la notificará al alimentante y al alimentista, informando y apercibiendo al alimentante de lo que sigue:...".*

La orden de retención es el eje o centro del sistema de aseguramiento y de cobro de deuda por alimentos. De acuerdo con Sarah Torres Peralta, *La Ley Especial de Sustento de Menores y el Derecho de Alimentos en Puerto Rico, supra*, pág. 11.11 *"La misma es quizás el medio más efectivo disponible para hacer cumplir las obligaciones alimentarias. Mediante la correcta utilización de este mecanismo será posible lograr que todo alimentante que sea empleado o reciba emolumentos de su pagador esté al día en el cumplimiento de sus obligaciones alimentarias"*.

**B**

En el caso que nos ocupa, los peticionarios plantean que el TPI no podía dictar las órdenes de retención, porque habida cuenta que el referido foro no adjudicó todas las reclamaciones que tenían ante su consideración, ni expresó que no existía razón o motivo alguno para posponer el dictar una orden para fijar una pensión alimentaria, la resolución mediante la cual se les ordenó pagar una pensión alimentaria provisional no era final y firme, y por ende, susceptible de ser ejecutada mediante las referidas órdenes de retención emitidas. No les asiste la razón.

En primer término, el TPI emitió una resolución mediante la cual les ordenó a los abuelos paternos a pagar una pensión alimentaria provisional para beneficio de su nieto. Como antes indicamos, los peticionarios no nos solicitaron **a tiempo** la revisión de la resolución emitida. En consecuencia, el dictamen del tribunal recurrido vincula y obliga a los peticionarios.

En segundo lugar y como hemos visto, el Artículo 19 de la Ley Núm. 5, *supra*, establece que todo pago o plazo vencido bajo una orden de pensión alimentaria constituye desde la fecha de su vencimiento una sentencia para todos los efectos de ley y que, por consiguiente, tiene la fuerza, los efectos y atributos de una sentencia judicial al punto que puede ser puesta en vigor.

En el caso que nos ocupa, los peticionarios han incumplido reiteradamente su obligación de pagarle a la co-recurrida, Frances Hernández Jordán, la suma de $394.00 que el TPI le fijó por concepto de una pensión alimentaria **provisional** para beneficio del menor. De acuerdo con el texto de la ley, cada uno de estos pagos vencidos constituye una sentencia que puede ser puesta en vigor a través de los mecanismos pertinentes. Entre éstos, ciertamente se incluye el de la orden de retención de ingresos, que como ya se ha dicho, constituye el eje central que la ley establece para asegurar el cobro de una deuda por alimentos. Así pues, no erró el TPI al emitir las órdenes de retención impugnadas.

### IV

Por último, los peticionarios alegan que el TPI erró al no declarar inconstitucional las disposiciones del Código Civil de Puerto Rico que obligan a los abuelos a proveer una pensión alimentaria a sus nietos. El planteamiento es prematuro.

Del expediente ante nuestra consideración, se desprende que el TPI denegó la moción que al amparo de la Regla 10.2(5) de las de Procedimiento Civil, *supra*, presentó el Departamento de Justicia para que se desestimara el planteamiento esgrimido por los peticionarios en cuanto a la inconstitucionalidad del Artículo 142 y siguientes del Código Civil de Puerto Rico, *supra*. Como consecuencia de lo anterior, el planteamiento sobre la inconstitucionalidad de los referidos artículos permanece sin resolver ante la consideración del TPI, que es a quien le corresponde resolver la controversia en primera instancia. Al momento de la presentación del recurso ante este Tribunal, el TPI no había adjudicado la referida controversia, por lo que carecemos de jurisdicción para resolver la misma.

Ello es así, porque al igual que sucede con un recurso tardío, el recurso prematuro sencillamente adolece del grave e insubsanable defecto por falta de jurisdicción. Como tal, su presentación carece de eficacia y no produce ningún efecto jurídico, pues en el momento de su presentación no ha habido autoridad judicial para acogerlo. *Rodríguez v. Zegarra*, 150 D.P.R. 639 (2000).

### V

Por los fundamentos antes expuestos, denegamos el auto solicitado.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIOS 2004 DTA 117

1. De acuerdo con el Departamento de Justicia de Puerto Rico, su intervención respondió a un escrito que los peticionarios presentaron que se titulaba: *"Se declare Inconstitucional Disposición de Ley"*.

Valga aclarar, que los peticionarios no presentaron, junto con su recurso de *certiorari,* la copia del referido escrito ni la copia de la minuta por medio de la cual el TPI le requirió a la Secretaria de Justicia expresarse en cuanto a la constitucionalidad de los artículos 142 y siguientes del Código Civil de Puerto Rico, 31 L.P.R.A. secciones 562 y siguientes.

Por lo demás, y con excepción del alegato de los peticionarios, no surge del expediente ante nuestra consideración documento alguno en los cuales los peticionarios levanten el asunto concerniente a la inconstitucionalidad de los 142 y siguientes del Código Civil de Puerto Rico, *supra.*

**2.** Los peticionarios no incluyeron con su recurso de *certiorari* la copia del informe rendido por el Examinador de Pensiones Alimentarias, Licenciado Carlos R. Ramos Ortiz.

**3.** Los peticionarios no presentaron con su recurso de *certiorari* la copia de la moción que presentaron ante el foro recurrido mediante la cual solicitaron que las órdenes de retención fueran dejadas sin efecto.

**4.** El Tribunal Supremo de Puerto Rico señaló en una nota al calce lo siguiente:

*"A modo ilustrativo, podemos mencionar el Artículo 153, 31 L.P.R.A. sec. 601, el cual dispone los deberes y obligaciones de los padres en el ejercicio de la patria potestad, específicamente en lo que respecta a su deber de alimentar a sus hijos no emancipados; el Artículo 143, donde se regula lo concerniente a los alimentos entre parientes; y el Artículo 1308, 31 L.P.R.A. sec. 3661, el cual responsabiliza a la sociedad legal de gananciales respecto a los alimentos de los hijos comunes y de los de cualquiera de los cónyuges. Además, podemos mencionar el Artículo 158 de nuestro Código Penal, 33 L.P.R.A. sec. 4241, el cual constituye otra de las fuentes estatutarias que sirven de base al derecho alimentario en la medida en que establece sanciones para aquellos padres o madres que incumplen —voluntariamente y sin excusa legal—, la obligación de proveer alimentos a sus hijos menores de edad."*

**5.** El Artículo 3 de la Ley Núm. 5 de 30 de diciembre de 1986, según enmendada, 8 L.P.R.A. sec. 502, establece en lo pertinente lo siguiente:

*"Se declara que es política pública del Estado Libre Asociado de Puerto Rico procurar que los padres o las personas legalmente responsables contribuyan, en la medida en que sus recursos lo permitan, a la manutención y bienestar de sus hijos o dependientes mediante el fortalecimiento de los sistemas y la agilización de los procedimientos administrativos y judiciales para la determinación, recaudación y distribución de las pensiones alimentarias. Las disposiciones de este capítulo se interpretarán liberalmente a favor de los mejores intereses del menor o alimentista que necesita alimentos."*

**6.** El Tribunal Supremo estableció, además, que:

*"Se trata de un trámite procesal sumario que comienza con la radicación de la reclamación alimentaria. En ese momento, la secretaria del tribunal expide una notificación-citación de vista que se diligencia en la persona del alimentante. Luego se celebra una vista ante el examinador, quien radica su informe al juez que finalmente provee sobre las recomendaciones recibidas. Sarah Torres Peralta, La Ley Especial de Sustento de Menores y el Derecho de Alimentos en Puerto Rico, San Juan, Publicaciones S.T.P., Inc. 1997, pág. 4.3; 8 L.P.R.A. secs. 511, 514.*

*Ahora bien, mediante la aprobación de la Ley Núm. 86 de 17 de agosto de 1994, se estableció un procedimiento administrativo que opera paralelamente al judicial."*

**7.** De acuerdo con Sarah Torres Peralta, *La Ley Especial de Sustento de Menores y el Derecho de Alimentos en Puerto Rico,* San Juan, **Publicaciones S.T.P.,** Inc. 1997, pág. 4.19, *"[e]l Artículo 15 (1)(a) de la L.E.S.M. de 1986, nunca enmendado, en su texto literal permite la utilización del procedimiento judicial expedito para beneficio de alimentistas que sean menores de edad o incapacitados y para hijos emancipados que cualifiquen como alimentistas."*

**8.** El Artículo 15(c) de la Ley Núm. 5, *supra*, 8 L.P.R.A. sección 514(c), establece lo siguiente:

*"Cuando la parte promovida haya sido citada con menos de cinco (5) días de anticipación a la fecha de la vista, según señalada por el secretario del tribunal, el Examinador, conforme se dispone en la sec. 516 de este título,*

recomendará de inmediato una pensión alimenticia provisional en esa ocasión y señalará la vista del caso para dentro de diez (10) días, a menos que una o ambas partes manifiesten al Examinador su determinación de hacer uso de los mecanismos de descubrimiento de prueba regulares, conforme se disponen en las Reglas de Procedimiento Civil, Ap. III del Título 32, en cuyo caso se señalará la vista para la fecha más próxima viable, conforme las disposiciones de la sec. 515 de este título. El juez adoptará o modificará la pensión alimenticia provisional recomendada y emitirá orden al efecto. La pensión provisional permanecerá en vigor hasta que el tribunal haga una nueva determinación o resolución."

El quinto párrafo del Artículo 16 de la Ley Núm. 5, *supra*, 8 L.P.R.A. sec. 515, dispone que:

*"No obstante, la decisión de usar mecanismos de descubrimiento de prueba no será razón para suspender la vista señalada por el secretario del tribunal, según establecido en la sec. 514 de este título. En esa vista se determinará el monto de una pensión provisional a ser recomendada al juez y se señalará nueva vista para la fecha más próxima viable. La pensión provisional así fijada permanecerá en vigor hasta que el tribunal dicte una nueva resolución u orden."*

Por su parte, el Artículo 17 de la Ley Núm. 5, *supra*, 8 L.P.R.A. sec. 516, establece lo siguiente:

*"En adición a lo dispuesto en las secs. 514, 515, y 517(2) de este título, el Examinador recomendará la fijación de una pensión alimentaria provisional cuando, a solicitud de cualesquiera de las partes o por alguna otra razón, se disponga la posposición de una vista, faltare alguna información o prueba, se refiera el caso al juez o se transfiera el caso a otra sala o sección del tribunal, o cuando las necesidades del alimentista sean tan urgentes que así se requiera, excepto en los casos que la paternidad del alimentista esté en controversia. No obstante, aun en los casos en que la paternidad está en controversia, de existir evidencia clara y convincente sobre paternidad que esté fundamentada en prueba genética de paternidad o cualquier otra evidencia admisible demostrativa de paternidad, deberá emitirse la orden de pensión alimentaria provisional. La pensión provisional permanecerá en vigor hasta que el juez haga una nueva determinación o dicte una resolución."*

Por último el Artículo 18(2), de la Ley Núm. 5, *supra*, 8 L.P.R.A. sec. 517 (2), señala lo que a continuación se transcribe:

*"En los casos ante el Examinador en que surjan controversias complejas o cuando haya envueltas o surjan controversias sobre la custodia o la patria potestad o las relaciones materno-paterno filiales, excepto en los procedimientos en que se requiera establecer la paternidad del alimentista y el alimentante promovido no lo reconozca, el Examinador recomendará se emita una orden de pensión alimenticia provisional, conforme se dispone en la sec. 516 de este título, y referirá el caso para el trámite judicial ordinario."*

9. El inciso 4 del Artículo 2 de la Ley Núm. 5, *supra*, 8 L.P.R.A. sección 501(4), establece la siguiente definición de alimentante:

*"Alimentante- Cualquier persona que conforme a disposiciones de ley aplicables tenga la obligación de proveer alimentos".*